Opinion
THE COURT.*
This cause having been submitted for decision, and fully considered, judgment is ordered as follows:
It is ordered and adjudged that the judgment made and entered in the Municipal Court for the South Bay Judicial District, County of Los Angeles, State of California, in the above entitled cause be and the same is hereby affirmed.
Appellant was convicted of violating Health and Safety Code section 11172. He attacks the validity of the section on the ground that it is unconstitutionally vague. In particular, he argues that the statute does not adequately define the term “prescription.” Section 11172 states: “No person shall antedate or postdate a prescription.” This argument is without merit. Health and Safety Code section 11000 states that “This division shall be known as the ‘California Uniform Controlled Substances Act.’ ” Section 11001 states: “Unless the context otherwise requires, the definitions in this chapter govern the construction of this division.” Section 11027 adequately defines “prescription” to include orders for controlled substances only. Controlled substances are defined in section 11007. The statutes are sufficient to advise appellant of the conduct which is proscribed.
*Supp. 28 Further, Health and Safety Code section 11157, formerly section 11165, has been declared to be constitutional. (People v. Bowman (1958) 156 Cal.App.2d 784, 799-800 [320 P.2d 70].) That section states: “No person shall issue a prescription that is false or fictitious in any respect.” This section can be subject to the same argument that appellant levels against section 11172. The argument fails. Health and Safety Code section 11172 is constitutional.

 Before Cole, P. J., Pacht, J., and Ibáñez, J.